UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MASSIMO MAZZACCONE, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

THE BOLIVARIAN REPUBLIC OF VENEZUELA,

    Defendant.

Civil Case No.: 1:24-cv-06168

**CLASS ACTION COMPLAINT**

---

Plaintiff Massimo Mazzaccone ("Plaintiff"), by and through his undersigned counsel, brings this proposed class action on behalf of himself and all other similarly situated persons (collectively, the "Class") against Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a proposed class action for breach of contract arising from the Republic's failure to make certain contractually mandated payments of principal and interest on certain issuances of the Republic's debt securities.

2. On or about August 6, 1998, the Republic issued $500,000,000 principal amount of 13.625% bonds maturing on August 15, 2018, under ISIN No. USP922646AT10. On or about May 18, 2004, the Republic issued $252,811,000 principal amount of 13.625% bonds maturing on August 15, 2018, also under ISIN No. USP922646AT10 (all such bonds issued under ISIN No. USP922646AT10 are collectively the "AT10 Bonds"). These sovereign bonds were issued pursuant to a 1998 Fiscal Agency Agreement (as amended, the "1998 FAA," as described more fully below). They are governed by New York law and subject to the jurisdiction of this

Court.[1]

3.　　On or about September 27, 2001, the Republic issued $300,000,000 principal amount of 13.625% bonds also maturing on August 15, 2018, under ISIN No. USP9395PAA95 (the "AA95 Bonds"). These sovereign bonds were issued pursuant to a 2001 Fiscal Agency Agreement (as amended, the "2001 FAA," as described more fully below). They are also governed by New York law and subject to the jurisdiction of this Court.[2]

4.　　By their terms, those issuances had the same maturity date, August 15, 2018, and the same semi-annual interest payment dates, August 15 and February 15. The Republic failed to repay principal and failed to make the semi-annual interest payment on August 15, 2018 on both the AT10 Bonds and the AA95 Bonds, and has failed to make accruing semi-annual interest payments thereafter.

5.　　Plaintiff will seek certification of a proposed class defined to include all holders of AT10 Bonds on August 14, 2024, who continue to hold thereafter (the "AT10 Class"); and certification of a proposed class defined to include all holders of AA95 Bonds on August 14, 2024, who continue to hold thereafter (the "AA95 Class").

6.　　For their relief, Plaintiff and the other Class members seek payment of the unpaid principal and the accrued and unpaid interest on their securities, and interest thereon, as provided in the respective Fiscal Agency Agreements and in the Bonds themselves, under New York law.

## THE PARTIES

7.　　Plaintiff Massimo Mazzaccone is a citizen and resident of Italy. He holds

---

[1] A true and correct copy of the 1998 FAA is available upon the Court's request.

[2] A true and correct copy of the 2001 FAA is available upon the Court's request.

beneficial interests in, and is the beneficial owner of, $10,000 principal amount of the AT10 Bonds and $10,000 principal amount of the AA95 Bonds.[3]

8. Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") is a foreign state as defined in 28 U.S.C. § 1603.

## **JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), because the Republic is a foreign state pursuant to 28 U.S.C. § 1603.

10. The Republic has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of or based on the securities issued pursuant to the FAAs, or arising out of or based on the FAAs themselves, by holders of the securities issued thereunder. The Republic is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

11. In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York and the Republic consented in the FAAs to submit to the jurisdiction of this Court, with respect to actions by holders of securities issued under the FAAs, arising out of or based on such securities, or arising out of or based on the FAAs themselves.

12. Venue is proper in this Court because the Republic irrevocably consented to venue with respect to actions brought in this Court in connection with the FAAs or the securities pursuant to 28 U.S.C. § 1391(f)(1).

13. The Republic, as stated in the FAAs, has appointed as its authorized agent to receive service of process the Consul General of the Republic or, in his or her absence or

---

[3] In common usage, such interests held by investors are simply referred to as bond holdings.

incapacity, any official of the Consulate of the Republic, located at 7 East 51st Street, New York, New York 10022. Alternatively, if service cannot otherwise be made, service of process will be achieved through the procedures described in 28 U.S.C. § 1608(a)(4).

## FACTUAL ALLEGATIONS

14. The 1998 FAA governs the AT10 Bonds. The 1998 FAA was entered into on or about August 6, 1998, among the Republic, Banco Central de Venezuela, as official financial agent of the Republic, and BNY Mellon Global Corporate Trust, as fiscal agent. The parties entered into amendments dated January 14, 2004, and September 29, 2004. The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

15. The 2001 FAA governs the AA95 Bonds. The 2001 FAA was entered into on or about July 26, 2001, among the Republic, Banco Central de Venezuela as official financial agent of the Republic, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties entered into amendments dated as of September 19, 2003, March 21, 2005, and December 17, 2007. The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

16. The AT10 Bonds and AA95 Bonds held by Plaintiff and by members of the proposed AT10 Class and AA95 Class are duly issued and valid unconditional obligations of the Republic.

17. Plaintiff's holdings are summarized in the following chart. The Bonds and their respective FAAs provide that the Republic must repay principal on the Maturity Date shown below:

| ISIN No. | FAA | Maturity Date | Interest Rate | Principal Amount Held by Plaintiff |
|---|---|---|---|---|
| USP922646AT10 | 1998 FAA | August 15, 2018 | 13.625% | $10,000.00 |
| USP9395PAA95 | 2001 FAA | August 15, 2018 | 13.625% | $10,000.00 |

18. The Republic failed to repay principal on August 15, 2018, on the AT10 Bonds and on the AA95 Bonds. The Republic has not made any such repayment since then.

19. The Bonds and their respective FAAs provide that the Republic must make interest payments twice a year on the dates shown in the chart below, until the principal is paid or fully provided for. The Republic failed to pay interest on February 15, 2018 and has not made interest payments since that date, as summarized in the chart below:

| ISIN No. | Semi-Annual Payment Dates | First Missed Interest Payment | Interest Default Date | Plaintiff's Current Amount of Unpaid Interest |
|---|---|---|---|---|
| USP922646AT10 | Feb. 15 Aug. 15 | February 15, 2018 | March 17, 2018 | $8,856.25 |
| USP9395PAA95 | Feb. 15 Aug. 15 | February 15, 2018 | March 17, 2018 | $8,856.25 |

20. The Republic failed to make the interest payments on the dates shown in the chart below:

5

| ISIN | Missed Scheduled Payments |
|---|---|
| USP922646AT10 | February 15, 2018; August 15, 2018; February 15, 2019; August 15, 2019; February 15, 2020; August 15, 2020; February 15, 2021; August 15, 2021; February 15, 2022; August 15, 2022; February 15, 2023; August 15, 2023; February 15, 2024. |
| USP9395PAA95 | February 15, 2018; August 15, 2018; February 15, 2019; August 15, 2019; February 15, 2020; August 15, 2020; February 15, 2021; August 15, 2021; February 15, 2022; August 15, 2022; February 15, 2023; August 15, 2023; February 15, 2024. |

21. The Republic's failure to repay principal and to make interest payments as indicated constituted Events of Default on the AT10 Bonds and the AA95 Bonds under their respective FAAs. Plaintiff's Bonds are all outstanding under the terms of their respective FAAs. Plaintiff, as a holder and beneficial owner of Bonds, is authorized to bring this action.

22. By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff and the Class, and the Republic is liable to Plaintiff and the Class for damages, including payment of principal and interest, in amounts to be determined by the trier of fact.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and on behalf of the following classes pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

24. The AT10 Class is defined as: All holders of the AT10 Bonds on August 14, 2024, who continue to hold thereafter. In this definition, the "AT10 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

25. The AA95 Class is defined as: All holders of the AA95 Bonds on August 14, 2024, who continue to hold thereafter. In this definition, the "AA95 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

26. This action is properly brought as a class action in that:

(a) The members of each Class are so numerous that joinder of all members is impracticable. Plaintiff believes each Class consists of thousands of investors.

(b) For each Class, Plaintiff's claims are typical of the claims of all members of the Class because all Bonds contain the same terms and conditions and Plaintiff and all the Class members have sustained common damages arising out of the Republic's default under the respective FAAs and on the Bonds.

(c) For each Class, Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation and sovereign bond default litigation. Plaintiff does not have any interests antagonistic to those of the Class. Plaintiff seeks to recover on behalf of himself and all the Class members. The Class members may be identified from records maintained by the clearing agents for the Bonds and their participants and brokers and may be notified of the pendency of this action through those entities and the media.

(d) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all members of each Class would be impracticable. Plaintiff knows of no difficulty in the management of this action that would preclude its maintenance as a class

action. Section 12 of the 1998 FAA and Section 12 of the 2001 FAA provide that all matters relating to the Bonds issued thereunder shall be governed by New York law.

(e) There are questions of law and fact common to the members of each Class. Those questions predominate over any questions that may affect only individual members in that the Republic's liability arises under the common terms of the respective FAAs and the Bonds and the Republic's defaults similarly affect all the Class members. For each Class, among the common questions are (i) whether an event of default has occurred under the respective FAAs and the Bonds; (ii) whether members of the Class have sustained damages from the default and, if so, the measure of damages; (iii) whether the Republic is liable for breach of contract for its defaults and non-payments; and (iv) whether the Republic claims any defenses and, if so, whether such defenses are valid.

## COUNT I

**(Breach of Contract on the AT10 Bonds)**

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 herein.

28. Plaintiff and the AT10 Class members purchased their Bonds for good and valuable consideration.

29. The AT10 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

30. There exists a valid, binding and enforceable contract between Plaintiff and the Class members, as holders of the Bonds under the FAA, and the Republic, as the obligor under the FAA and the Bonds.

31. Plaintiff and the Class members have performed and complied with all terms and obligations under the contract with respect to the FAA and the Bonds.

32. The Republic has breached its contractual obligations to Plaintiff and the other Class members to make timely payments under the FAA and the Bonds as described herein. Each such contractual obligation will continue as long as the Class member continues to hold the Bonds.

33. The Republic is liable to Plaintiff and the Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## COUNT II

### (Breach of Contract on the AA95 Bonds)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 herein.

35. Plaintiff and the AA95 Class members purchased their Bonds for good and valuable consideration.

36. The AA95 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

37. There exists a valid, binding and enforceable contract between Plaintiff and the Class members, as holders of the Bonds under the FAA, and the Republic, as the obligor under the FAA and the Bonds.

38. Plaintiff and the Class members have performed and complied with all terms and obligations under the contract with respect to the FAA and the Bonds.

39. The Republic has breached its contractual obligations to Plaintiff and the other Class members to make timely payments under the FAA and the Bonds as described herein. Each such contractual obligation will continue as long as the Class member continues to hold the Bonds.

40. The Republic is liable to Plaintiff and the Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff demands orders and judgments against the Republic as follows:

i. Certifying the AT10 Class and the AA95 Class as set forth herein and designating Plaintiff as the Class representative and his counsel as Class counsel;

ii. Awarding damages to Plaintiff and the other Class members holding the Bonds to compensate them for the Republic's breaches of its obligations under the respective FAAs and the Bonds, in amounts to be determined by the Court;

iii. Awarding Plaintiff his costs, attorney fees, expert fees, interest, costs of suit, and other reasonable compensation and reimbursement, including therein for each Class the fees, expenses, costs, and other reasonable compensation and reimbursement to Class counsel; and

iv. Providing such other further relief as this Court shall deem just and proper.

Dated: New York, New York
August 14, 2024

DUANE MORRIS LLP

Name: Anthony J. Costantini
Email: AJCostantini@duanemorris.com

1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1032
Fax: +1 212 202 4715

*Attorneys for Plaintiff*